IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE ADAM RODRIGUEZ, N91255, ) | |
|    ) | |
|    Plaintiff, ) | |
|    ) | |
|    vs. ) | Case No. 3:15-cv-00897-JPG-PMF |
|    ) | |
| LORAL KRANK, ) | |
|    ) | |
|    Defendants. ) | |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Plaintiff Jose Adam Rodriguez is an inmate with the Illinois Department of Corrections ("IDOC") at Shawnee Correctional Center ("Shawnee"). Rodriguez asserts in this lawsuit that defendant Loral Krank, a nurse at Shawnee, violated his rights under the Eighth Amendment by failing to properly treat a staph infection. Krank now seeks summary judgment on the basis that Rodriguez failed to properly exhaust administrative remedies prior to filing suit. (Doc. 26). Rodriguez opposed the motion. (Doc. 29). A *Pavey* evidentiary hearing was held on June 28, 2016 with the plaintiff in attendance *pro se* from Shawnee via videoconference. See *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). For the following reasons, it is hereby RECOMMENDED that Krank's motion for summary judgment (Doc. 26) be DENIED.

The incidents that give rise to this litigation occurred at Shawnee. On May 22, 2015 Rodriguez went to the Shawnee Health Care Unit ("HCU") because he was experiencing pain, breathing problems and swelling in the left side of his nose. (Doc. 1, p. 5). Defendant Krank examined Rodriguez and noted in his medical chart that there was "pimple like" swelling in his left nostril. (Doc. 1, p. 9). Krank offered Rodriguez some mild painkillers and sent him on his way. *Id*. The symptoms persisted, and Rodriguez returned to the HCU on May 26, 2015 where he

1

was diagnosed as having a staph infection. (Doc. 1, pp. 10-11). Rodriguez later filed this lawsuit on August 13, 2015, asserting that Krank's actions at the May 22nd examination violated his Eighth Amendment rights. (Doc. 1).

Krank moves for summary judgment on the basis that Rodriguez failed to exhaust administrative remedies prior to filing suit. Pursuant to 42 U.S.C. § 1997e, inmates are required to exhaust administrative remedies before filing conditions of confinement lawsuits in federal court. Exhaustion is not a jurisdictional requirement, but a defendant may raise the failure to exhaust as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Although the Seventh Circuit has taken a "strict compliance" approach to exhaustion, *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006), a prisoner is only required to exhaust "available" administrative remedies. Administrative remedies will be deemed unavailable if prison officials take unfair advantage of the grievance process or "use affirmative misconduct to prevent a prisoner from exhausting." *Id.* at 809.

The alleged misconduct occurred on May 22, 2015 and Rodriguez filed suit on August 13, 2015. Both parties agree that Rodriguez did not properly exhaust during this period. For normal non-emergency grievances, proper exhaustion is a three step process that involves (1) informal attempts at resolution with the prisoner's counselor, (2) submitting a grievance to the prison grievance office and finally (3) appealing the institution's decision to the IDOC Administrative Review Board in Springfield. See Ill. Admin. Code tit. 20, § 504.870, *et seq*. The parties agree that proper exhaustion did not occur, but Rodriguez argues that administrative remedies were not available because he submitted a grievance at Shawnee but never received a response. In his response to Krank's motion for summary judgment, Rodriguez attached a copy of the grievance he filed. (Doc. 29, p. 6).

Because there was a dispute as to whether the administrative remedies process was available to Rodriguez, the Court held a *Pavey* evidentiary hearing on June 28, 2016. See *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Rodriguez testified via videoconference from Shawnee. He stated that on May 26, 2015 he drafted a grievance and placed it in the designated grievance box, which was then located in the Shawnee chow hall. After not receiving a response from his counselor for over two months, Rodriguez decided to file suit. Rodriguez also testified that he did not have a very good relationship with his counselor, Kendra Seip. Counseling records show that in August 2014 Seip had a heated conversation with Rodriguez's wife after she was denied a prison visit. (Doc. 27-2, p. 1). Additionally, in February 2015 Rodriguez filed a grievance against Seip alleging that she was improperly handling a prison transfer request. (Doc. 29, p. 5). However, the counseling records also show that Rodriguez met with Seip on May 27, 2015, June 22, 2015, and August 4, 2015, and in all three instances Rodriguez declined to mention his grievance problem or defendant Krank.

Upon review, the Court finds that Rodriguez has provided credible testimony that he made a reasonable attempt at exhausting administrative remedies but the process was not available to him. Rodriguez testified that he submitted a grievance on May 26, 2015 but never received a response. Rodriguez could have perhaps made a more engaged effort to follow up on the grievance with Shawnee staff, but IDOC regulations do not provide any guidance for prisoners when this occurs (despite the fact that the "missing grievance" problem is a common occurrence in IDOC prisoner civil rights lawsuit, see, e.g., *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006). Defendant Krank's motion for summary judgment should thus be denied.

## **RECOMMENDATION**

It is RECOMMENDED that defendant Krank's motion for summary judgment be denied.

**SO RECOMMENDED.**

**DATED: June 30, 2016.**

                                                *s/Philip M. Frazier*
                                               **PHILIP M. FRAZIER**
                                               **UNITED STATES MAGISTRATE JUDGE**